RIDENER, &c.
vs
ROGERS.

---

MOTION.

Case 137.

July 6.

The case stated.

A county creditor can maintain a motion in his own name against a county collector *or* his sureties for failure to pay a county claim.

Such motion cannot be maintained against *both* him and his sureties, but against *either*.

## Ridener, &c. *vs* Rogers.

ERROR TO THE CLAY COUNTY COURT.

*Motions.  County creditors.  County collectors.*

JUDGE BRECK delivered the opinion of the Court.

THE Clay County Court, on motion of Rogers, a county creditor, rendered a judgment in his favor for fifty one dollars against Ridener, &c., sureties of William Herd, former Sheriff of said county, and they have appealed to this Court.

The objection that the motion was made in the name of Rogers, and not in the name of the Commonwealth, cannot be sustained. The fourth section of the act of 1797, (*Stat. Laws*, 1115,) authorizes the motion we think, in the name of the county creditor. The question did not arise in *McGillon* vs *the Commonwealth*, (5 *J. J. Marshall*, 593,) nor in *the Commonwealth* vs *Fugate*, (1 *Monroe*, 2.) The suggestion in the former case that "the act gives to creditors a motion in the name of the Commonwealth," is not in our opinion sustained by a careful examination of the statute referred to. That statute required the bond for the collection of the levy, to be made payable to the Justices of the county, and no inference is, therefore, authorized from it, that the motion was to be made in the name of the Commonwealth.

In answer to the second objection, we are of opinion the motion was properly made against the sureties without joining the Sheriff. The proper construction of the section of the act referred to, gives the motion against the Sheriff *or* his sureties, but not against the Sheriff *and* his sureties jointly.

It satisfactorily appears that the claims of Rogers for $51 were allowed by the Court in November 1839, to be paid out of the levy, then levied, and to be collected in 1840.

The objection that the record does not show that Herd who executed bond as Sheriff, with the plaintiffs in error as his sureties on the 7th September 1840, had any thing to do with the collection of the levy laid in 1839, is satisfactorily and conclusively answered by the condition and recitals in the bond. The condition is express that he collect the levy laid in November 1839, and pay it over to such person or persons as are entitled to the same by law. The receipt of the Commissioner's books from the clerk for that purpose is also acknowledged.

Finally, we perceive no reason for disturbing the judgment, and it is, therefore, affirmed with damages.

*Goodloe* for plaintiffs: *B. & A. Monroe* for defendant.